# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50766
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANCHEZ, also known as Jose Juan Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-69-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:*

Jose Sanchez pleaded guilty to an indictment charging him with conspiracy to possess with intent to distribute methamphetamine. The district court sentenced Sanchez to a within-guidelines sentence of 240 months of imprisonment and four years of supervised release. Sanchez argues that the sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50766

Sanchez does not dispute that the sentence was imposed within a properly calculated guidelines range.  Thus, a presumption of reasonableness applies to this guidelines sentence.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  The substantive reasonableness of a sentence is reviewed under an abuse of discretion standard.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Citing *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), Sanchez contends his sentence is substantively unreasonable because the methamphetamine Guidelines lack an empirical basis.  Whatever discretion *Kimbrough* gives district courts to deviate from the Guidelines, it does not require either district or appellate courts to conduct "a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines." *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009).

Sanchez also contends that his sentence is substantively unreasonable because it places too much weight on factors such as his role in the offense and possession of a firearm, rather than his personal circumstances.  When as here, a district court imposes a sentence within a properly calculated guidelines sentencing range, the sentence is entitled to a presumption of reasonableness. *See Alonzo*, 435 F.3d at 554.  Sanchez has not shown the district court failed to give proper weight to any § 3553(a) factor.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.